**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lois Daniels, an unmarried woman, et al., ) <br> ) <br>         Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> American Family Mutual Insurance Company, a Wisconsin corporation, et al., ) <br> ) <br>         Defendants. ) | No. CV09-1794 PHX DGC <br><br> **ORDER** |

Plaintiffs have filed a motion for partial summary judgment. Dkt. #13. Defendant, American Family Mutual Insurance Company, opposes the motion. Dkt. #29. Plaintiffs have also filed a motion to strike American Family's affidavit evidence offered in opposition to Plaintiffs' motion.[1] Dkt. #33. For the reasons that follow, the Court will deny Plaintiffs' motion for partial summary judgment (Dkt. #13) without prejudice and deny Plaintiffs' motion to strike (Dkt. #33) as moot.[2]

**I.      Background.**

Plaintiff Lois Daniels was insured by an American Family homeowners insurance policy. Dkt. #30. Plaintiffs allege that between the evening of August 12, 2008 and the

---

[1] The motion is titled "Plaintiffs' objections to Defendant's separate statement of facts and supporting affidavits." Dkt. #33. The Court construes it as a motion to strike.

[2] American Family's request for oral argument is denied. The parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

morning of August 13, 2008, a plumbing line burst in Daniels' insured home, causing extensive water damage. Dkt #35-1 at 5.[3] Plaintiffs reported the loss to American Family on August 13, 2008. Dkt. #30 at 2. On August 19, 2008, American Family claims adjusters examined the premises, and on August 25, 2008, American Family sent a letter to Daniels stating that it was "denying coverage for her claim based, in part, on the policy's exclusion for continual or repeated leakage or seepage of water from a plumbing system that has been ongoing for a period of weeks, months or years." *Id.* at 4.

Plaintiffs filed the present litigation in state court on July 27, 2009, claiming breach of contract and breach of the covenant of good faith and fair dealing, and seeking punitive damages. Dkt. #1-1 at 1-9. American Family removed the action to this Court on August 27, 2009 pursuant to 28 U.S.C. § 1332.

**II.  Analysis.**

Plaintiffs seek partial summary judgment on the issue of whether "the water damage occurring on August 13, 2008 is covered under the American Family policy." Dkt. #13 at 16. American Family has responded substantively to Plaintiffs' motion with evidence to which Plaintiffs object, and also has requested the Court to deny the motion under Federal Rule of Civil Procedure Rule 56(f) because it has not had the opportunity to depose the witnesses whose affidavits are provided in support of Plaintiffs' motion. The Court will deny the motion without prejudice under Rule 56(f).

Under Rule 56(f), if a party opposing a motion for summary judgment "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition," the court may deny the motion. Fed. R. Civ. P. 56(f). American Family has provided the affidavit of Lynn Allen, lead counsel for American Family, which states that "American Family did not have an opportunity" to take depositions of contractors and other witnesses before it had to respond to the motion for partial summary judgment. Dkt. #30-4 at 2.

---

[3] Citations to pages in the parties' filings will be to the page numbers applied by the Court's electronic docket at the top of each page.

1  Plaintiffs filed the pending motion "before the parties exchanged disclosure statements or
2  took any depositions in this case." Dkt. #29 at 10. American Family has not had the
3  opportunity to depose the witnesses on whom Plaintiffs rely in their motion.

4  Plaintiffs argue that American Family is not entitled to Rule 56(f) relief because
5  "American Family's claims adjusters have steadfastly insisted that they have all the evidence
6  needed to justify a complete coverage denial." Dkt. #32 at 10-11. Plaintiffs provide no
7  evidence to support this statement. Moreover, even if this statement is true, it does not mean
8  that American Family currently possesses all admissible evidence necessary to justify the
9  denial of coverage.[4] Nor does it mean that American Family is not entitled to discovery.
10 American Family clearly is entitled to relief under Rule 56(f).

11 **IT IS ORDERED:**

12 1.  Plaintiffs' motion for partial summary judgment (Dkt. #13) is **denied without**
13     **prejudice**.

14 2.  Plaintiffs' motion to strike (Dkt. #33) is **denied** as moot.

15 DATED this 9th day of December, 2009.

_____
David G. Campbell
United States District Judge

---

[4] Plaintiffs object to all of American Family's current evidence as inadmissible. Dkt. #33.